```
                                    FILED
                              CLERK, U.S. DISTRICT COURT

                              4/19/2022

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY:        CD        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2022 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:22-cr-00155-JFW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1951(a): Interference with Commerce by Robbery; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 981 and 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| DERRICK PATTERSON, aka "11in," aka "11-inches," aka "11 inches Hung," | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Goldman Sachs Bank USA ("Goldman Sachs"), JPMorgan Chase Bank, N.A. ("Chase"), Wells Fargo Bank, N.A. ("Wells Fargo"), Bank of America, N.A. ("Bank of America"), and Arvest Bank ("Arvest") (together, the "Bank Victims") were financial institutions whose deposits were insured by the Federal Deposition Insurance Corporation.

2.   Grindr is a social networking and online dating application for gay, bi, trans, and queer people, as well as for men who have sex with men.

3.   Zelle is a digital payments network owned by Early Warning Services, LLC, a financial services company owned by a consortium of banks.

4.   These Introductory Allegations are incorporated into each count of this Indictment

COUNTS ONE THROUGH SIX

[18 U.S.C. § 1344(2)]

A.   THE FRAUDULENT SCHEME

1.   Beginning on a date no later than June 13, 2021, and continuing through on or about March 26, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant DERRICK PATTERSON, also known as ("aka") "11in," aka "11-inches," aka "11 inches Hung," together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain money, funds, credits, assets, and property owned by, and in the custody and control of the Bank Victims, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

2.   The fraudulent scheme was operated, and was carried out, in substance, as follows:

a.   To gain physical access to mobile phones with access to accounts at the Bank Victims, defendant DERRICK PATTERSON represented to Grindr users that he was seeking sexual encounters with the Grindr users.

b.   After meeting the Grindr users ("Grindr Victims"), defendant PATTERSON used the Grindr Victims' mobile phones to make purchases at retailers and transfer money in the Central District of California and elsewhere, using financial account information belonging to the Grindr Victims without the Grindr Victims' authorization and consent.  In so doing, defendant PATTERSON represented to the Bank Victims that he had the Grindr Victims' authorization and consent, and defendant PATTERSON concealed from the

3

Bank Victims that he did not have the Grindr Victims' authorization and consent.

c.   As a result of the fraudulent scheme, defendant PATTERSON made and attempted to make purchases and transfers totaling approximately $15,510.

B.   <u>EXECUTIONS OF THE FRAUDULENT SCHEME</u>

3.   On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant DERRICK PATTERSON, aka "11in," "11-inches," and "11 inches Hung," knowingly executed a scheme or artifice to defraud the Bank Victims identified below, by means of materially false and fraudulent pretenses, representations, and promises:

| COUNT | DATE | ACT |
|-------|------|-----|
| ONE | June 14, 2021 | Used victim C.O.'s Chase account to pay for $700 of Apple Cash. |
| TWO | July 19, 2021 | Used victim E.M.'s Wells Fargo account to pay Hotels.com 248.86 |
| THREE | January 29, 2022 | Used victim E.G.'s Bank of America account to transfer $12,000. |
| FOUR | February 7, 2022 | Used victim D.W.'s Chase account to pay $288 to Homewood Suites. |
| FIVE | February 7, 2022 | Used victim D.W.'s Goldman Sachs account to pay $273.74 to T-Mobile. |
| SIX | March 26, 2022 | Used victim J.S.'s Arvest account to transfer $2000. |

COUNT SEVEN

[18 U.S.C. § 1951(a)]

On or about June 13, 2021, in Los Angeles County, within the Central District of California, defendant DERRICK PATTERSON, also known as ("aka") "11in," aka "11-inches," aka "11 inches Hung," obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, by knowingly and willingly committing robbery, in that defendant PATTERSON unlawfully took and obtained property, consisting of approximately $782 in cryptocurrency, belonging to victim C.O. and in the custody of Coinbase, a cryptocurrency exchange platform operating in interstate and foreign commerce, a cellular phone, and a pandemic relief EBT card, by means of actual and threatened force, violence, and fear of injury, immediate and future, to victim C.O., after luring victim C.O. to meet though Grindr.

COUNT EIGHT

[18 U.S.C. § 1951(a)]

On or about July 18, 2021, in Los Angeles County, within the Central District of California, defendant DERRICK PATTERSON, also known as ("aka") "11in," aka "11-inches," aka "11 inches Hung," obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, by knowingly and willingly committing robbery, in that defendant PATTERSON unlawfully took and obtained property consisting of approximately $4,417.54, belonging to victim E.M. and in the custody of Wells Fargo, and a cellular telephone, by means of actual and threatened force, violence, and fear of injury, immediate and future, to victim E.M., after luring victim E.M. to meet though Grindr.

COUNT NINE

[18 U.S.C. § 1951(a)]

On or about March 26, 2022, in Los Angeles County, within the Central District of California, defendant DERRICK PATTERSON, also known as ("aka") "11in," aka "11-inches," aka "11 inches Hung," obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, by knowingly and willingly committing robbery, in that, at the Beverly Hilton, part of a national hotel chain, defendant PATTERSON unlawfully took and obtained property consisting of approximately $2,600, belonging to victim J.S. and in the custody of Arvest Bank, and a cellular telephone, by means of actual and threatened force, violence, and fear of injury, immediate and future, to victim J.S., after luring victim J.S. to meet though Grindr.

COUNT TEN

[18 U.S.C. § 1028A(a)(1)]

On or about June 13, 2021, in Los Angeles County, within the Central District of California, defendant DERRICK PATTERSON, also known as ("aka") "11in," aka "11-inches," aka "11 inches Hung," knowingly possessed and used, without lawful authority, a means of identification that defendant PATTERSON knew belonged to another person, namely, the name of victim C.O., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count One of this Indictment.

COUNT ELEVEN

[18 U.S.C. § 1028A(a)(1)]

On or about March 26, 2022, in Los Angeles County, within the Central District of California, defendant DERRICK PATTERSON, also known as ("aka") "11in," aka "11-inches," aka "11 inches Hung," knowingly possessed and used, without lawful authority, a means of identification that defendant PATTERSON knew belonged to another person, namely, the name of victim J.S., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Six of this Indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Six, Ten or Eleven of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Seven through Nine of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

TRACY L. WILKISON
United States Attorney

_Christina Shay for SMG_

CHRISTINA T. SHAY
Assistant United States Attorney
Deputy Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent & Organized Crime
Section

JEREMIAH LEVINE
Assistant United States Attorney
Violent & Organized Crime Section