E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent and Organized Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-8323
     Facsimile:    (213) 894-0141
     E-mail:       Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-CR-00155-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION REQUESTING THAT VICTIM STATEMENTS BE HEARD IN CAMERA |
| v. | |
| DERRICK PATTERSON,<br>  aka "11in,"<br>  aka "11-inches,"<br>  aka "11 inches Hung," | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeremiah Levine, hereby makes this ex parte application for victim statements to be heard in camera.

Dated: October 7, 2022        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/ *Jeremiah Levine*
JEREMIAH LEVINE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure Rule 32(i)(4)(B) says, "Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard."  The next section of the Rule, which is 32(i)(4)(C), says: "Upon a party's motion and for good cause, the court may hear in camera any statement made under Rule 32(i)(4)."  As result, this Court may choose to hear victim statements in camera upon a showing of good cause.

This case concerns a series of robberies.  The government alleges that defendant lured his robbery victims using the promise of homosexual encounters.  The government further alleges that sometimes defendant even used homosexual contact to distract victims to advance the robberies.

Several of the victims in this case have expressed interest in making statements at sentencing.  Several have also expressed that the trauma of their robberies made them scared to do so.  The government believes that this is particularly understandable given that some of the robberies involved the promise or reality of stigmatized homosexual contact.

For these reasons, the government respectfully requests that victims be allowed to testify in camera, in the presence of defense counsel but not defendant.  Defense counsel takes no position on this request.